IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────────────────────────

**WINSTON TYLER HENCELY**,
*Plaintiff–Appellant,*

**v.**

**FLUOR CORPORATION, FLUOR ENTERPRISES, INC., FLUOR INTERCONTINENTAL, INC., FLUOR GOVERNMENT GROUP INTERNATIONAL, INC.**,
*Defendants–Appellees.*

*On Appeal from the United States District Court
for the District of South Carolina
Case No. 6:19-cv-00489-BHH*

**APPELLANT HENCELY'S MOTION TO STAY THE MANDATE PENDING PETITION FOR WRIT OF CERTIORARI**

## LR 27(a) CERTIFICATION

Counsel for Appellees Fluor Corporation, et al. (collectively, "Fluor"), have been informed of Hencely's intent to file this motion. The undersigned was informed that Fluor does not consent to the relief requested herein.

## INTRODUCTION

This appeal concerns the extent to which the federal common law preempts state law tort claims asserted against military contractors. Hencely sued Fluor, alleging that it negligently supervised, retained, and entrusted equipment to its worker while Fluor was serving as a military contractor in Afghanistan. Fluor's worker created a suicide bomb, which he detonated and injured Hencely and several others. The Fourth Circuit panel affirmed the district court's grant of summary judgment to Fluor, holding that Hencely's negligence claims were preempted under an exception to the United States' waiver of sovereign immunity under the Federal Tort Claims Act.

Hencely respectfully requests that the Court stay issuance of the mandate in this appeal pending his filing a petition for writ of certiorari in the Supreme Court of the United States. A stay of the mandate is warranted under Fed. R. App. 41(d)(2) and Local Rule 41 because as set

forth in more detail below Hencely's petition will present substantial questions for certiorari and good cause exists for staying the mandate.

## LEGAL STANDARD

To obtain a stay of mandate under Fed. R. App. P. 41(d)(2), the moving party "must show that the certiorari petition would present a substantial question and that there is good cause for a stay." *See also* Fourth Circuit Local Rule 41. Hencely's motion satisfies both of these requirements.

## DISCUSSION

### I. Hencely's Petition for Certiorari Will Present Substantial Questions of Law.

As the Army's investigation found, Defendant Fluor negligently allowed one of its workers the means and opportunity to construct a bomb that permanently wounded Appellant U.S. Army Specialist Winston Hencely and that killed or injured dozens of others. Hencely's petition involves the question of whether the panel's decision incorrectly held that Hencely's tort claims are preempted by federal common law under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

*First*, Hencely's petition will assert that the Supreme Court must resolve the circuit split between the Fourth Circuit (following the D.C.

Circuit) and the Second and Third Circuits on the proper scope of state-law preemption. The panel decision departed from the Supreme Court's seminal decision in *Boyle* and relevant preemption jurisprudence.

*Second*, Hencely's petition will, alternatively, ask the Supreme Court to overrule or limit *Boyle* to its facts. *Boyle*'s reliance upon federal common law is not well-grounded in Supreme Court preemption jurisprudence, not consistent with the text of the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, and not in line with our Nation's history and tradition of the constitutional balance of power between the federal government and sovereign states.

A.  The Fourth Circuit has split with the Second and Third Circuits over the scope of preemption under *Boyle*.

The panel's opinion directly conflict with the Second Circuit's recent decision in *Badilla v. Midwest Air Traffic Control Service, Inc.*, 8 F.4th 105 (2d Cir. 2021), as well as the Third Circuit's decision in *Harris v. Kellogg, Brown & Root Servs., Inc.*, 724 F.3d 458, 480 (3d Cir. 2013). Certiorari review is necessary to resolve this split, which involves substantial questions of sovereign immunity and federalism.

The circuit split in this appeal turns upon the proper application of the Supreme Court's decision in *Boyle*, which preempted state-law

product liability claims against a military helicopter manufacturer. 487 U.S. at 500. The plaintiff alleged that a military-designed, outward-opening door caused a soldier to drown after the aircraft crashed. Relying on the FTCA's "discretionary function" exception, *Boyle* held that state product liability claims were preempted when they imposed a duty in conflict with the Government's "discretionary functions." *Id.* at 511-14. *Boyle* preempted claims arising from the soldier's death because the asserted tort duty conflicted with the contractor's obligation to follow the Government's helicopter design—an exercise of the Government's discretionary function. *Id.* at 509.

*Boyle*'s narrow preemption ruling created a three-part test. First, *Boyle* determined that "uniquely federal interests" were implicated by product liability claims asserted against manufacturers of military equipment. *Id.* Second, *Boyle* determined that state product liability claims conflicted with those federal interests. The Court found the conflict rooted in the FTCA's exceptions to the limited waiver of sovereign immunity for certain tort suits against the United States. In *Boyle*, the Court determined that a conflict between federal interests and state product liability claims existed because the FTCA excepts

from its limited waiver of sovereign immunity any tort suit involving the Government's discretionary functions. *Id*. Third, to address the identified conflict, *Boyle* proceeded to create a sub-test for determining the appropriate scope of state-law preemption. *Boyle*'s preemptive scope extends only insofar as "the state-imposed duty of care that is the asserted basis of the contractor's liability . . . is *precisely contrary* to the duty imposed by the Government contract . . . ." *Id.* at 507 (emphasis added). That is, it required actual conflict between the state tort duty and a contractor's federal contractual obligations.

This appeal and split among the circuit courts of appeal involve application of the sub-test in *Boyle*'s third step—the proper scope of preemption when federal interests and state-tort duties conflict. Hencely asserts state-law negligence claims against Fluor. The district court held that Hencely's claims were preempted. The panel affirmed following this Circuit's prior decision in *In re KBR, Inc., Burn Pit Litigation*, 744 F.3d 326, 340-41 (4th Cir. 2014), which applied *Boyle* preemption in the context of another FTCA exception for "[a]ny claim arising out of the combatant activities of the military . . . during time of war," 28 U.S.C. § 2680(j).

The panel held, following *Burn Pit* and the D.C. Circuit's decision in *Saleh v. Titan Corp.*, 580 F.3d 1 (D.C. Cir. 2009), concluded that Hencely's claims arose from a military contractor's (Fluor) allegedly negligent conduct while it was "integrated into combatant activities over which the military retain[ed] command authority"; therefore, Hencely's claims were preempted. Op. at 20 (quoting *Burn Pit*, 744 F.3d at 351). Unlike *Boyle* and the Second and Third Circuit's resolution of similar questions, the Fourth Circuit panel identified no direct conflict between a contractual duty and the tort duty asserted in this case lawsuit. Instead, the panel expanded *Boyle* preemption. It held that preemption applied because the military had "command authority" based only upon the military's general supervisory authority over the base where the contractor conducted its contractual activities. The panel did not, however, find any conflict between any contractually mandated act or omission and the asserted tort duty. And without any express statutory provision preempting the claims in this case, the panel imposed the equivalent of "field preemption" to all state tort law in this context.

The panel's decision departs from the narrower—and correct—application of *Boyle*'s limited preemptive scope recognized by the Second and Third Circuits. These decisions are addressed in turn.

*First*, the panel's decision conflicts with the Second Circuit's decision in *Badilla*. 8 F.4th at 105. That case involved claims against a military contractor providing air traffic control services at an Afghanistan airport. The contractor's allegedly negligent air traffic control caused several deaths in a plane crash. The Second Circuit rejected the contractor's invocation of *Boyle* preemption premised upon the FTCA's combatant activities exception. *Badilla* held that "the combatant activities exception does not displace state-law claims against contractors unless (1) the claim arises out of the contractor's involvement in the military's combatant activities, and (2) *the military specifically authorized or directed the action giving rise to the claim*." *Id.* at 128 (emphasis added).

Applying its test, the Second Circuit concluded that preemption did not apply despite pervasive military oversight—much more so than Fluor was subject to in this case. The *Badilla* contractor provided air traffic control operations. It was stationed alongside U.S. and NATO

forces at an airport in Afghanistan, was integrated into the military chain of command by reporting directly to senior military officers, and was subject to a web of rules and regulations governing its air traffic control operations. Nevertheless, *Badilla* "declined to expand the government contractor defense beyond *Boyle*'s direct conflict rationale" and, instead, limited it to "only where the government mandated the action that violated the law." *Id.* at 125.

*Badilla* thus held that preemption was unwarranted despite the ubiquitous command authority of the military over the air traffic control contractor's operations. *Badilla* remained faithful to *Boyle*'s limited scope of preemption, which was prescribed only to resolve actual conflicts between state tort law and federal interests. Consistent with *Boyle*, *Badilla* correctly declined to preempt state law where there was "no evidence that the Government directed" or "issued[d] a *specific* instruction that compelled" the contractor's negligent actions. *Id.* at 129 (emphasis added). Had *Badilla* applied the Fourth Circuit panel's "command authority" analysis, it would have reached a different result because the degree of military oversight in this case was less than or equivalent to the oversight of the contractor in *Badilla*.

The Fourth Circuit panel's decision also conflicts with the Third Circuit's decision in *Harris v. Kellogg, Brown & Root Servs., Inc.*, 724 F.3d 458, 480 (3d Cir. 2013). Like the Second Circuit, the Third Circuit rejected a military contractor's invocation of *Boyle* preemption against the plaintiff's claims that it negligently installed and maintained electrical equipment at a military base in Iraq. The Court held that preemption did not apply because the military "did not retain command authority over [the contractor's] installation and maintenance of a pump." *Id.* at 481.

Importantly, the Third Circuit's analysis ensured that contractors are not insulated from tort liability "where their conduct does not result from military decisions or orders." *Id.* at 480. This is consistent with the text of the FTCA, which excepts tort liability only for the United States' conduct—not that of contractors. Again, the FTCA does not apply to federal contractors. *See* 28 U.S.C. § 2671 (defining "federal agency" not to include "any contractor with the United States"); *see also Saleh*, 580 F.3d at 26 (Garland, J. dissenting) ("[I]t is not plain that the FTCA's policy is to eliminate liability when the alleged tortfeasor is a contractor rather than a soldier. That, after all, is not what the FTCA says.").

The Third Circuit concluded that the allegedly tortious conduct in *Harris* did not warrant preemption because the conduct did not stem from a military order or decision. This was based upon record evidence that the relevant "contracts and the work orders provided for general requirements or objectives and then gave [the contractor] considerable discretion in deciding how to satisfy them." *Id.* While the Third Circuit's articulation of the scope of preemption test is nearly identical to the Fourth Circuit's articulation in *Burn Pit*, the panel's decision conflicts with *Harris*'s application of that test by preempting state law claims despite no record evidence that Fluor's allegedly tortious conduct stemmed from a military order or policy in an area where Fluor lacked discretion.

Quite the opposite, as the panel here acknowledged. The Army investigation concluded that Fluor failed in its contractual obligations due to its lackadaisical supervision of its workers, which enabled a bombing that injured Hencely and others during the suicide attack. *See* Op. at 9. Moreover, Judge Heytens's partial dissent acknowledged that the record taken in Hencely's showed that at least Hencely's negligent entrustment and retention claims should not be preempted because of

the degree of discretion Fluor retained in these discrete areas. *See* Op.

at 34 (Heytens, J. dissenting).  In sum, the panel decision conflicts with

*Harris* because it provided preemption to Fluor despite no connection

between the military's action and Fluor's tortious conduct. And yet, the

panel still granted Fluor—a private contractor—the immunity reserved

to the United States under the text of the FTCA.

Accordingly, Hencely's petition for certiorari will present more

than one substantial question arising from the circuit split in this

appeal.

B.    Hencely's petition will argue that the Supreme Court should
      overrule *Boyle* or limit its application.

Hencely's petition will present a further substantial question by

asking the Supreme Court to overrule *Boyle*—or limit it to its facts.

*Boyle* was on feeble jurisprudential footing. This begins with

*Boyle*'s questionable reliance upon the FTCA's text as a predicate for

preempting claims against federal contractors. The FTCA expressly

excepts contractors from its provisions. 28 U.S.C. § 2671. It provides no

textual basis for immunizing contractors from tort liability through

preemption. In other contexts, the Supreme Court has held that

federalism warns against expansive preemption of state law in the

absence of clear congressional directives. "Because the States are independent sovereigns in our federal system, we have long presumed that Congress does not cavalierly pre-empt state-law causes of action." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996). *Cf. Wyeth v. Levine*, 555 U.S. 555, 565 (2009) ("[W]e 'start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act *unless that was the clear and manifest purpose of Congress*.'" (quoting *Lohr*, 518 U.S. at 485) (emphasis added)).

*Boyle*'s preemption did not rest upon any express statutory preemption. Instead, it merely *implied* preemption based upon a perceived conflict between the FTCA and a state products liability claim. At the very least, in the absence of clear congressional directives, *Boyle* preemption must be limited to only those situations where a distinct conflict between a federal interest and the tort duty asserted. *See Boyle*, 487 U.S. at 504 (acknowledging the Supreme Court's prior refusal "to find federal pre-emption of state law in the absence of either a clear statutory prescription, or a *direct conflict*" (citations omitted)).

The panel's decision erroneously expanded *Boyle*'s implied preemption far beyond its already-limited bounds. Effectively, the panel

held that the FTCA's combatant activities exception preempted the "field" of state tort claims against military contractors who are subject to military supervision. *See* Op. at 20 ("[I]t is the imposition *per se* of the state . . . tort law that conflicts' with the federal policy of eliminating such regulation of the military during wartime." (quoting *Saleh*, 580 F.3d at 7); *see also Koohi v. United States*, 976 F.2d 1328, 1337 (9th Cir. 1992). Without clearer congressional action, such sweeping preemption goes too far. *Boyle*, 487 U.S. at 504. *Cf. also Hines v. Davidowitz*, 312 U.S. 52, 55-57 (1941) (describing field preemption as when Congress has "enacted a complete scheme of regulation").

In any event, whether *Boyle* permits a federal court to infer that Congress has occupied a field and displaced an entire body of state law, when Congress has declined to expressly enter that field, is a substantial question. *See Lohr*, 518 U.S. at 485 (defining carefully "the scope of [Congress's] intended invalidation of state law . . . to support a narrow interpretation of such express command . . . consistent with both federalism concerns and the historic primacy of state regulations of matters of health and safety."); *cf. also Daniel v. United States*, 139 S. Ct. 173 (2019) (Thomas, J. dissenting from denial of certiorari)

(criticizing the *Feres* doctrine because it provides immunity from suit in the absence of any act of congress prescribing such immunity); *Lanus v. United States*, 570 U.S. 932 (2013) (Thomas, J. dissenting) (dissenting from denial of certiorari and stating that he would reconsider *Feres* immunity under the FTCA because its holding finds "no support . . . in the text of the statute, and it has the unfortunate consequence of depriving servicemen of any remedy when they are injured"); *Am. Ins. Ass'n v. Garamendi*, 539 U.S. 396, 430 (2003) (Ginsburg, Stevens, Scalia, and Thomas, JJ. dissenting) ("The displacement of state law by preemption properly requires a considerably more formal and binding federal instrument.").

Accordingly, Hencely's petition for certiorari will present one or more substantial questions of law.

## II. Good Cause Exists for Staying the Court's Issuance of the Mandate.

Good cause for staying the mandate in this case exists because of the significant issues involved. *First*, this case implicates the extent to which the United States' sovereign immunity extends via preemption to a non-governmental entity. *Second*, the panel's decision creates significant uncertainty in the scope of federal contractor tort liability.

Now, whether a plaintiff can recover or a contractor can be held liable in tort depends on whether the contractor is located in the Fourth and D.C. Circuits or the Second and Third Circuits. *Third*, the impingement upon federalism by displacing the law of the "other sovereigns"—the States—demonstrates the weighty issues involved. The constitutional allocation of powers between the state and federal governments has been disrupted, all predicated upon the questionable extension of *Boyle*'s atextual holding.

Good cause also exists because the issues presented in this appeal have a broad impact on other cases. There are multiple pending cases that are awaiting final resolution of the important issues presented in this appeal.[1] Additionally, this issue will likely be a significant concern for another case that recently resulted in a $42 million jury verdict for plaintiffs against a federal contractor involved in the plaintiffs' detention. *See Al Shimari v. CACI Premier Tech., Inc.*, No. 08-cv-827 (LMB/JFA) (E.D.V.A. Nov. 12, 2024) (ECF Doc. 1812-14). As that case

---

[1] This decision affects Hencely's and thirteen related cases stayed pending this appeal. *E.g.*, *Tangen v. Fluor Intercontinental, Inc.*, No. 6:21-cv-00335-JD (D.S.C.) (ECF No. 98).

works its way through the appellate process, *see id.* (ECF Doc. 1838-39) (indicating that the parties are preparing for appeal), the issue of FTCA preemption will likely be renewed. The district court rejected a contractor-defendant's argument that the FTCA's combatant activities exception preempted the plaintiff's claims in that case. *See Al Shimari*, 324 F. Supp. 3d 668, 698 (E.D.V.A. 2018). The issuance of the mandate should await final disposition of this case until the Supreme Court has taken action on a petition for certiorari so that final word on these important issues and the mandate can be issued simultaneously. Hencely's petition will surely guide the legal journey of this and other similar cases.

## CONCLUSION

For the foregoing reasons, the Court should stay issuance of its mandate pending Hencely's filing of a petition for writ of certiorari.


Date: December 3, 2024

s/ *Paul W. Painter III*

JAMES E. BUTLER, JR.
Georgia Bar No. 099625
jim@butlerprather.com
DANIEL E. PHILYAW
Georgia Bar No. 87765

dan@butlerprather.com
ALLISON BRENNAN BAILEY
Georgia Bar No. 478434
BUTLER PRATHER LLP
P.O. Box 2962
105 13th Street
Columbus, GA 31901
T:  (404) 321-1800
F:  (404) 321-2962

ROBERT H. SNYDER, JR
Georgia Bar No. 404522
Cannella Snyder LLC
rob@cannellasnyder.com
315 W. Ponce de Leon Ave., Ste. 885
Decatur, GA 30030
T:  (404) 800-4828
F: (404) 393-0365

PAUL PAINTER, III
Georgia Bar No. 520965
paul@bowenpainter.com
W. ANDREW BOWEN, #10510
andrew@bowenpainter.com
STEPHEN D. MORRISON, III
Georgia Bar No. 700828
stephen@bowenpainter.com
BOWEN PAINTER, LLC
308 Commercial Drive, Ste. 100
Savannah, GA 31406
T:  (912) 335-1909
F:   (912) 335-3537

BEATTIE B. ASHMORE, #5215
Beattie@BeattieAshmore.com
BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, S.C. 29601

T:  (864) 467-1001
F:  (864) 672-1406

D. JOSEV BREWER #9188
Joe@JoeBrewerlaw.com
The Law Office of D. Josev Brewer
650 E. Washington Street
Greenville, SC 29601
T:  (864)383-5250

**Attorneys for Plaintiff-Appellant**

# CERTIFICATE OF COMPLIANCE

This document complies with the world limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 3,055 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6).

BOWEN PAINTER, LLC

/s/ *Paul W. Painter III*
*Attorney for Plaintiff–Appellant*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed an electronic copy of the within

pleading with the Clerk's Office of the United States Court of Appeals

for the Fourth Circuit using the CM/ECF system which will

automatically send email notifications of such filing to all counsel of

record in this matter. Pursuant to the Court's Notice concerning

Updated Access & Operating Procedures in Response to COVID-19

dated June 11, 2021, the Court's paper filing requirements are

suspended until further notice.

This 3rd day of December, 2024.

s/ *Paul W. Painter III*
PAUL W. PAINTER, III
Georgia Bar No. 520965
paul@bowenpainter.com
BOWEN PAINTER, LLC
308 Commercial Drive, Ste. 100
Savannah, GA 31406
T: (912) 335-1909
F: (912) 335-3537
